MURPHY, Judge, dissenting.
I agree that the Majority's holding is a logical extension of the "could have seen had they looked" language employed by our Court and the Supreme Court in Fusco and Fly , respectively. Further, requiring that a victim of indecent exposure be able to see such exposure "had they looked" in order to establish the "in the presence of" element of indecent exposure would typically be an appropriate application of the rule of lenity. However, I dissent because the General Assembly specifically intended for our courts to construe the words of the indecent exposure statute as expansively as our constitutions permit. Specifically, when the General Assembly enacted the base indecent exposure statute, N.C. Gen. Stat. § 14-190.9, it expressly and unequivocally stated its intent that:
*417 Every word, clause, sentence, paragraph, section, or other part of this act shall be interpreted in such manner as to be as expansive as the Constitution of the United States and the Constitution of North Carolina permit.
1971 S.L. 591 § 2. This broad interpretation mandate excludes the rule of lenity from our normal canons of statutory construction.
Fly and Fusco applied this broad approach based on the facts presented in those cases. See State v. Fly , 348 N.C. 556, 560, 501 S.E.2d 656, 659 (1998) (stating that "the majority of the Court of Appeals simply misread the legislative history and the specifically expressed intent of the legislature which repealed the former statute and adopted N.C.G.S. § 14-190.9"). In neither Fly nor Fusco did the defendant argue, as Defendant does here, that the State failed to establish the "in the presence of" element of indecent exposure.
Here, however, the Majority's opinion takes a narrow view of the presence element of indecent exposure, and the "could have seen had they looked" standard adopted by the Majority today is not an element of N.C. Gen. Stat. § 14-190.9. The Majority's interpretation disregards the General Assembly's intent that this statute be interpreted in as expansive of a manner as the North Carolina and United States constitutions permit. The trial court was not required to deviate from the pattern jury instruction regarding the "in the presence of" element, and the trial court's decision to omit Defendant's proffered addition was not an abuse of discretion. See N.C.P.I. Crim. 238.17A. Therefore, I respectfully dissent.